This is an action for actionable negligence brought by plaintiff against defendant corporations, for damage to a certain lot of sugar *Page 185 
while in transitu. A judgment by default and inquiry was rendered in the above entitled cause against the Atlantic and Yadkin Railroad Company, on 28 September, 1931. On 20 July, 1932, a motion was made by the said defendant to set aside the judgment by default and inquiry on the ground of excusable neglect and alleging it had a good and meritorious defense to the action. At July Term, 1932, the following order was rendered:
"This cause coming on to be heard at July Term, 1932, of Lee County Superior Court, before Hon. Henry A. Grady, judge presiding, upon motion of defendant, Atlantic and Yadkin Railroad Company, to set aside the judgment by default and inquiry heretofore entered in said cause against the said Atlantic and Yadkin Railroad Company upon the ground of excusable neglect, and the court being of the opinion and finding that the facts as set out in the motion and the accompanying affidavits are true and constitute excusable neglect; It is thereupon ordered that said motion to set aside said judgment by default and inquiry be and it is hereby granted and allowed, and said defendant, Atlantic and Yadkin Railway Company, is hereby allowed to file its answer at this term of the court."
The plaintiff excepted to the judgment as signed, assigned error and appealed to the Supreme Court.
The summons against the defendant corporations was dated 12 December, 1930.
C. S., 483, in part, is as follows: "The summons shall be served by delivering a copy thereof in the following cases: (1) If the action is against a corporation, to the president or other head of the corporation, secretary, cashier, treasurer, director, managing or local agent thereof. Any person receiving or collecting money in this State for a corporation of this or any other State or government is a local agent for the purpose of this section," etc. This requirement as to the mode of service on corporations must be strictly observed. Hatch v. R. R., 183 N.C. 617
The court below (and there are facts to sustain same) found: "The court being of the opinion and finding that the facts as set out in the motion and the accompanying affidavits are true and constitute excusable neglect; It is thereupon ordered that said motion to set aside judgment by default and inquiry be and it is hereby granted and allowed, and said defendant, Atlantic and Yadkin Railway Company, is hereby allowed to file its answer at this term of the court." *Page 186 
F. B. VanSant was the local agent of both defendants. His affidavit is as follows: "That about 10:30 o'clock on the night of 22 December, 1930, during a mild snowstorm, A. R. Rives, sheriff of Lee County, called at deponent's residence in the town of Sanford, at which time deponent was partially undressed preparatory to retiring for the night; that said A. R. Rives, with whom deponent is well acquainted and on friendly relations, told deponent that he had a paper to serve on him for the `Coast Line'; that said Rives then handed deponent one set of papers containing a summons and a complaint in the above entitled cause. No mention was made by said Rives of the Atlantic and Yadkin Railway Company, and, since only one set of papers was handed to deponent, he understood that service was being made upon him solely for the Atlantic Coast Line Railroad Company, and that, if service was to be made upon the Atlantic and Yadkin Railway Company, it would be made upon some other agent. Deponent noted upon the papers the time at which they were served upon him and the following morning mailed them to officials of the Atlantic Coast Line Railroad Company."
A. R. Rives, the sheriff of the county, testified, in part: "I left only one copy of the summons and complaint with Mr. VanSant, and have no recollection of telling him for which company it was intended. It was snowing slightly that night when we arrived at Mr. VanSant's house."
There is other evidence of excusable neglect not necessary to be set out.
C. S., 600, in part, is as follows: "The judge shall, upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, verdict or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect, and may supply an omission in any proceeding," etc.
The plaintiff omitted to prepare a copy of the summons and instruct the sheriff to deliver same to the agent of the Atlantic and Yadkin Railroad Company, a corporation (as required by the statute) as was done for the Atlantic Coast Line Railroad Company. This omission was a primary cause of the agent's not knowing of the action being brought against the Atlantic and Yadkin Railroad Company, and naturally threw him off his guard. The statute requiring a delivery of a copy of the summons must be strictly observed — it was no doubt passed to prevent the very thing that took place in this transaction. We think, on the facts as found by the court below, there was excusable neglect on the part of the Atlantic and Yadkin Railroad Company. The evidence in the record — found to be true — was to the effect that the Atlantic and Yadkin Railroad Company had a meritorious defense. For the reasons given, the judgment of the court below is
Affirmed. *Page 187